1 | SINNOTT, PUEBLA, CAMPAGNE &
2 | CURET, APLC
  | Blaise S. Curet, #124983
3 | bcuret@spcclaw.com
  | Kenneth H. Sumner, #178618
4 | ksumner@spcclaw.com
5 | 2000 Powell Street, Suite 830
  | Emeryville, CA 94608
6 | Tel.: (415) 352-6200; Fax: (415) 352-6224
7 | Attorneys for Plaintiff
8 | First Mercury Insurance Company

Gary R. Selvin, Esq.
Susan F. Halman, Esq.
SELVIN WRAITH HALMAN, LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone: 510-874-1811
Facsimile: 510-465-8976
Attorneys for Defendant Kinsale
Insurance Company

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

FIRST MERCURY INSURANCE
COMPANY,

        Plaintiff,

    v.

KINSALE INSURANCE COMPANY,
KLEIN PLASTERING, INC; and
THOMPSON BROOKS, INC.,

        Defendant.

Case No. 3:18-cv-00071-SI

**JOINT STIPULATION ALLOWING
HOME CONSTRUCTION
INSURANCE COMPANY TO
INTERVENE; AND RELATED
PLEADINGS; [PROPOSED ORDER]**

Hon. Susan Illston

Plaintiff FIRST MERCURY INSURANCE COMPANY ("First Mercury") and Defendant KINSALE INSURANCE COMPANY ("Kinsale"), hereby stipulate and agree to entry of an order granting HOME CONSTRUCTION INSURANCE COMPANY ("HCIC") leave to intervene in this action pursuant to FRCP 24(a), and file the attached complaint-in-intervention and related pleadings, as follows:

WHEREAS this case arises out of the underlying construction defect action relating to 3730 Washington Street, San Francisco, California (the "Home") (the "Underlying Action").

WHEREAS, Claimants in the Underlying Action had hired THOMPSON BROOKS, INC. ("TBI") to serve as general contractor for a renovation project at the Home. TBI entered into a subcontract with KLEIN PLASTERING, INC. ("Klein") to do the stucco work for the renovation. Ultimately, the Claimants alleged construction defects against TBI pertaining to the renovation of the Home.

WHEREAS, First Mercury issued Commercial General Liability Policies Nos. FMWA000866, FMWA001869, FMWA002636, WA CGL 0000019962-01, and WA CGL 0000019962-02, effective on an annual basis from November 1, 2009, to November 1, 2014, to Klein Plastering (the "First Mercury Policies").

WHEREAS, Kinsale issued Commercial General Liability Policy No. 0100024433-0, effective November 1, 2014 to November 1, 2015, to Klein Plastering (the "First Kinsale Policy").

WHEREAS, HCIC issued Commercial General Liability Policy No. HCIC/11/1000/111 to TBI effective from April 1, 2011 to April 1, 2012 (the "HCIC Policy").

WHEREAS the Underlying Action proceeded to Arbitration Hearing in January 2-18 before the Arbitrator Edward B. Lozowicki. The Arbitrator issued a Final Arbitration Award on April 9, 2018, and ruled in favor of Claimants and against TBI. TBI was ordered to pay claimants the sum of $2,065,481 as damages for breach of contract, $185,171 as pre-award interest, $566 per day in interest from March 1, 2018 until the Final Award is paid, and $41,499.63 for AAA administrative fees and arbitrator compensation. The final Arbitration Award was confirmed by the Superior Court of the

State of California for the County of San Francisco on June 12, 2018, and a Judgment was entered in favor of Claimants and against TBI in the amount of $2,292,511.60 and post-award interest in the amount of $566 per day, accruing from March 1, 2018.

WHEREAS HCIC paid the Claimants the sum of $1,438,035.04 as partial Satisfaction of the Judgement in exchange for a full release of TBI.

WHEREAS because HCIC made payments to satisfy the Judgment in the Underlying Action, HCIC is a real party in interest to this Action.

WHEREAS First Mercury has now filed the instant action against Kinsale, Klein, and TBI (collectively, "Defendants") seeking, *inter alia*, the following declarations :

    a. Pursuant to the terms of the First Mercury Policies, there is no coverage for and thus no duty by First Mercury to indemnify either Klein Plastering or TBI, and each of them, for the claims made against them in the Underlying Matter, or the covered portion of damage is minimal.  Specifically, there is no coverage because:

        i. There was no "property damage" and/or "occurrence" during the policy periods as those terms are used in the insuring language of the First Mercury Policies;

        ii. If there was "property damage," such damage was to that "particular part of real property on which" Klein Plastering was "performing operations" (Exclusion j(5)); and/or

        iii. Such damage was for that "particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it" (Exclusion j(6));

        iv. Such damage constitutes "'property damage' to 'your product' arising out of it or any part of it" (Exclusion k); and/or

        v. Such damage constitutes "'property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard'" (Exclusion l).

b. Any covered property damage occurred in Kinsale's policy periods and consequently any liability that is covered is solely the responsibility of Kinsale.

WHEREAS the undersigned Plaintiff and Defendant stipulate and agree to allow HCIC to file the attached Complaint-in-Intervention in this case pursuant to FRCP Rule 24(a), as an interested party.

WHEREAS to avoid delay, the undersigned, through their undersigned attorneys, hereby stipulate and agree to accept service of the complaint-in-intervention upon electronic court filing of HCIC's complaint-in-intervention, and further stipulate and agree to file their acceptances of service and their responses to HCIC's complaint-in-intervention by electronic court filing no later than twenty (20) calendar days (with no enlargement of time for weekends or holidays) after HCIC's electronic court filing of its complaint-in-intervention, following the Court's entry of an Order granting HCIC leave to intervene in this action and to file its complaint-in-intervention.

WHEREAS First Mercury filed a first amended complaint against Kinsale for declaratory relief related to the Underlying Action,

WHEREAS HCIC is filing a complaint in intervention for amounts it expended to defend and indemnify in the Underlying Action, and

WHEREAS Kinsale has settled with HCIC for $225,000, and

WHEREAS there are ongoing disputes between First Mercury and Kinsale, and ongoing disputes between First Mercury and HCIC, First Mercury and Kinsale stipulate that each is deemed to have filed a complaint, or counterclaim against each other, seeking subrogation, equitable contribution, and declaratory relief related to amounts expended in connection with the Underlying Action and a response to said pleading denying the claim and asserting all applicable affirmative defenses.

1    DATED: May 1, 2019          SINNOTT, PUEBLA,
2                                     CAMPAGNE & CURET, APLC
3
4                                    By:        /S/ Blaise S. Curet
5                                              BLAISE S. CURET
6                                              KENNETH H. SUMNER
                                             Attorneys for Plaintiff First Mercury Insurance
7                                              Company
8    DATED: May 1, 2019          SELVIN WRAITH HALMAN
9
10
11                                    By:        /S/ Gary R. Selvin
12                                              GARY R. SELVIN
                                             SUSAN HALMAN
13                                              Attorneys for Defendant Kinsale Insurance
14                                              Company

### [PROPOSED] ORDER

The Court, having reviewed the foregoing Stipulation, and good cause appearing therefore:

**IT IS HEREBY ORDERED** that HCIC is granted leave to file the attached Complaint-in-Intervention pursuant to FRCP Rule 24(b), a copy of which is attached hereto as Exhibit A.

**IT IS FURTHER ORDERED** that the Complaint-in-Intervention is deemed filed as of the date this Order is transmitted via the CM/ECF system.

**IT IS FURTHER ORDERED** that acceptances of service and responses to HCIC's Complaint-in-Intervention shall be due by electronic court filing no later than twenty (20) calendar days (with no enlargement of time for weekends or holidays) after HCIC's electronic court filing of its Complaint-in-Intervention, following the Court's entry of an Order granting HCIC leave to intervene in this action and to file its complaint-in-intervention.

1  **IT IS FURTHER ORDERED** that First Mercury and Kinsale each is deemed to

2  have filed as of the date this Order is transmitted via the CM/ECF system a complaint, or

3  counterclaim against each other, seeking subrogation, equitable contribution, and

4  declaratory relief related to amounts expended in connection with the Underlying Action

5  and a response to said pleading denying the claim and asserting all applicable affirmative

6  defenses.

7

8  IT IS SO ORDERED.

9

10

11  DATED: _____          _____

12                                          Hon. Susan Illston

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

1   Brandt L. Wolkin, Esq., SBN 112220
    David F. Myers, Esq., SBN 185102
2   Catharine M. Tolson, Esq., SBN 271223
    Wolkin · Curran, LLP
3   111 Maiden Lane, Sixth Floor
    San Francisco, California 94108
4   Telephone:    (415) 982-9390
    Facsimile:    (415) 982-4328
5   bwolkin@wolkincurran.com

6   Attorneys for Intervenor
    **HOME CONSTRUCTION INSURANCE COMPANY**

7

8

9                    **UNITED STATES DISTRICT COURT**

10          **IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11  FIRST MERCURY INSURANCE COMPANY,            Case No. 3:18-cv-00071-SI

12                  Plaintiff,                  **HOME CONSTRUCTION
                                                INSURANCE COMPANY'S
13          v.                                  COMPLAINT-IN-
                                                INTERVENTION**
14  KINSALE INSURANCE COMPANY, KLEIN
    PLASTERING, INC., and THOMPSON BROOKS,
15  INC.,
                    Defendants.
16

    KLEIN PLASTERING, INC., a California
17  corporation,

18                  Counter-Complainant,

19          v.

20  KINSALE INSURANCE COMPANY, and ROES 1-
    50, inclusive,
21                  Counter-Defendants.

22  HOME CONSTRUCTION INSURANCE
    COMPANY, a Nevada corporation,
23
                    Plaintiff-in-Intervention,
24
            v.
25
    FIRST MERCURY INSURANCE COMPANY
26
                    Defendants.
27

28

                              1.

TO THE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 24 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, intervenor HOME CONSTRUCTION INSURANCE COMPANY ("HCIC") asserts its complaint-in-intervention against plaintiff FIRST MERCURY INSURANCE COMPANY ("First Mercury") by alleging as follows:

## PARTIES, JURISDICTION AND VENUE

1.      This action was commenced by First Mercury for declaratory relief arising out of an underlying construction defect action relating to 3730 Washington Street, San Francisco, California (the "Home").

2.      Home Construction Insurance Company ("HCIC") is a corporation organized and existing under the laws of the State of Nevada as a Nevada Association Captive Insurer, with its principal place of business in Las Vegas, Nevada.

3.      HCIC is informed and believes that First Mercury is a Delaware corporation with its principal place of business in Southfield, Michigan.  At all times relevant hereto, First Mercury was and is a foreign surplus lines insurer in California, where its insured, Klein Plastering, is located and the First Mercury policies were entered into and issued.

## THE POLICIES

4.      HCIC issued Commercial General Liability Policy No. HCIC/11/1000/111 to Thompson Brooks, Inc. ("TBI"), effective from April 1, 2011 to April 1, 2012 (the "HCIC Policy").

5.      First Mercury issued Commercial General Liability Policy Numbers FMWA000866, FMWA001869, FMWA002636, WA CGL 0000019962-01, and WA CGL 0000019962-02, effective on an annual basis from November 1, 2009 to November 1, 2014, to Klein Plastering (collectively, the "First Mercury Policies").

6.      First Mercury Commercial General Liability Policy No. FMWA001869 contains an additional insured endorsement with the applicable terms as follows:

**ADDITIONAL INSURED — OWNERS, LESSEES OR CONTRACTORS —**

2.

**AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION**

**AGREEMENT WITH YOU**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENAERAL LIABILITY PART

A. Section II — Who Is An Insured is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your behalf;
in the performance of your ongoing operations for the additional insured.

A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

It is further agreed that such insurance as is afforded by this Policy for the benefits of an additional insured shall be primary and non-contributory.

**FACTUAL BACKGROUND**

7.      In June of 2009, TBI entered into a contract wherein it agreed to serve as the general contractor for the renovation of the Home owned by Alex Slusky, Dana Slusky, and a related trust (collectively, the "Claimants").

8.      Subsequently, on or about June 15, 2010, TBI and Klein Plastering, Inc ("Klein") executed a Project Implementation Letter, wherein Klein agreed to serve as a subcontractor for the renovation of the Home.  Klein agreed to "furnish all labor, material, tools, equipment, supervision and services necessary" to complete its scope of work for the renovation project, which was defined as "3 coat conventional stucco repairs with cement finish for paint by others."  The Project Implementation Letter incorporated by reference the terms of the Subcontract Agreement. Klein was not responsible for painting the stucco it installed.

9.      Klein's subcontract with TBI obligated it to "procure and carry commercial general liability insurance … naming the Contractor and its officers and employees as an

3.

additional insured thereunder with respect to any liability arising out of the subcontractor's performance...." Further, Klein's subcontract with TBI made clear that it was "hereby understood that such insurance as is afforded by the subcontractor's policies shall be primary and noncontributing with any other insurance, and shall provide a waiver of subrogation rights endorsements in favor of the contractor. ENDORSEMENTS MUST STATE ON THE ENDORSEMENTS THAT INSURANCE PROVIDED IS PRIMARY AND NON-CONTRIBUTORY" [emphasis in original subcontract].

10.     The renovation of the Home was completed in December of 2011, and the Claimants moved into the Home in 2012.

11.     After TBI completed the renovations to the Home, the Claimants began observing construction defects, including a black, viscous substance oozing from various window and door assemblies.

12.     Claimants ultimately initiated an arbitration in August 2016 styled *Alex Slusky, Danna Slusky, 3730 Washington Trust and Lawrence Sussman, Trustee v. Thompson Brooks, Inc. v. Klein Plastering, Inc.* (the "Underlying Arbitration") against TBI, seeking damages for defective construction to the Home.

13.     TBI tendered its defense to HCIC, which accepted the defense under a reservation of rights.

14.     On or about May 3, 2017, TBI, an additional insured on the First Mercury Policy, tendered its defense and indemnity to First Mercury.

15.     On or about July 6, 2017, First Mercury denied any obligation to defend or indemnify TBI.

16.     HCIC incurred in excess of $445,000 defending First Mercury's additional insured, TBI.

17.     The Underlying Action proceeded to an Arbitration Hearing in January 2018 before the arbitrator Edward B. Lozowicki.  The Arbitrator issued a Final Arbitration Award on April 9, 2018, and ruled in favor of Claimants and against TBI.  TBI was ordered to pay claimants the sum of $2,065,481 as damages for breach of contract, $185,171 as pre-award

1  interest, $566 per day in interest from March 1, 2018 until the Final Award is paid, and

2  $41,499.63 for AAA administrative fees and arbitrator compensation.  The final Arbitration

3  Award was confirmed by the Superior Court of the State of California for the County of San

4  Francisco on June 12, 2018, and a Judgment was entered in favor of Claimants and against

5  TBI in the amount of $2,292,511.60, and post-award interest in the amount of $566 per day,

6  accruing from March 1, 2018.

7      18.   The Final Arbitration Award also adjudicated TBI's claim in arbitration

8  against Klein awarding the following to be paid by Klein to TBI: $593,566 as damages for

9  breach of contract; $49,464 as pre-award interest, with additional interest accruing at the rate

10  of $163 a day from March 1, 2018; reimbursement of TBI's attorney's fees in the amount of

11  $106,050; and reimbursement of AAA administrative fees and arbitrator compensation in

12  the amount of $10,109.89.  On August 29, 2018, the Court issued an Order confirming the

13  Arbitrator's Final Award, and entering Judgement against Klein and in favor of TBI in the

14  amount of $787,714.89 (the "Klein Judgment").

15      19.   On or about, July 17, 2018, HCIC and Lexington Insurance Company—

16  TBI's insurance carrier excess to HCIC—satisfied the Slusky's Judgment by payment of

17  $2,350,000, of which HCIC paid the Claimants the sum of $1,438,035.04 as partial

18  Satisfaction of the Judgement in exchange for a full release of TBI.

19      20.   Because HCIC made payments to defend TBI as well as in satisfaction of the

20  Judgment in the Underlying Arbitration, HCIC is a real party in interest to this Action

21  pursuant to Federal Rule of Civil Procedure 24. HCIC's standing as the  holder of the Klein

22  judgment was confirmed by the United States Bankruptcy Court, Northern District of

23  California, Case No. 18-30864-DM (Chapter 7) on February 12, 2019, when it issued an

24  Order Granting Motion to Compel Abandonment Pursuant to 11 U.S.C. § 554(b) and

25  Assignment of Judgment to Home Construction Insurance Company, a true and correct copy

26  of which is attached hereto as Exhibit A.

27  ///

28  ///

5.

## FIRST CAUSE OF ACTION

### (Declaratory Relief)

21.     HCIC realleges and incorporates by this reference each and every allegation set forth in the preceding paragraphs of this Complaint in Intervention.

22.     Under 28 U.S.C. § 2201(a), HCIC seeks a judicial declaration of the rights and duties of First Mercury with respect to the defense and settlement of the Underlying Arbitration, and the costs associated therewith.

23.     An actual and justiciable controversy exists between HCIC and First Mercury concerning First Mercury's rights, duties, and obligations under the First Mercury Policies with respect to the defense and settlement of the Underlying Arbitration.  Specifically, HCIC contends that First Mercury had an obligation to pay defense expenses and to satisfy the award in the Underlying Arbitration.  First Mercury contends that they have no such obligations.

24.     HCIC requests a judicial declaration that the First Mercury policies were triggered by the Underlying Arbitration, that First Mercury was obligated to pay defense expenses incurred, and First Mercury was obligated to satisfy the award in the Underlying Arbitration. A judicial declaration is necessary and appropriate at this time so that the parties may ascertain their rights, duties, and obligations.

## SECOND CAUSE OF ACTION

### (Equitable Reimbursement-Defense Costs)

25.     HCIC re-alleges and incorporates herein by this reference paragraphs 1 through 24 above as though set forth in their entirety herein.

26.     Despite TBI's tender of defense to First Mercury, First Mercury refused to defend TBI in the Underlying Arbitration.

27.     The Additional Insured endorsement on the First Mercury policy provides that when First Mercury defends that "[i]t is further agreed that such insurance as is afforded by this Policy for the benefits of an additional insured **shall be primary and non-contributory.**"  [Emphasis added.]

6.

28.     In providing TBI's defense, HCIC incurred attorney's fees and cost in excess of its equitable share.  In contrast, First Mercury has paid *none* of TBI's defense fees and costs.

29.     As a result of its conduct, First Mercury owes HCIC reimbursement of all fees and costs HCIC incurred in the defense of TBI.

### THIRD CAUSE OF ACTION

### (Equitable Reimbursement-Indemnity)

30.     HCIC re-alleges and incorporates herein by this reference paragraphs 1 through 29 above, as though set forth in their entirety herein.

31.     In paying the entirety of the indemnity owed by both TBI and Klein, HCIC paid more than its equitable share of the indemnity obligation, as First Mercury has not paid any monies to satisfy the Slusky claimants' judgment, despite insuring both TBI and Klein.

32.     As a result of its conduct and the terms and conditions of its policies, First Mercury owes HCIC reimbursement of all indemnity paid on behalf of both TBI and Klein.

### FOURTH CAUSE OF ACTION

### (Equitable Contribution-Defense Costs)

33.     HCIC realleges and incorporates by reference paragraphs 1 through 32 above, as though set forth in their entirety herein.

34.     As a result of its conduct and the terms and conditions of its policies, First Mercury owes HCIC reimbursement of all fees and costs HCIC incurred in the defense of TBI.

### FIFTH CAUSE OF ACTION

### (Equitable Contribution-Indemnity)

35.     HCIC realleges and incorporates by reference paragraphs 1 through 34 above, as though set forth in their entirety herein.

36.     As a result of its conduct in the terms and conditions of their, First Mercury owes HCIC reimbursement of all indemnity paid on behalf of TBI and Klein.

///

7.

## SIXTH CAUSE OF ACTION

### (Statutory Action Pursuant to Insurance Code § 11580(b)(2))

37.     HCIC realleges and incorporates by reference paragraphs 1 through 36 above, as though set forth in their entirety herein.

38.     As more fully set forth above, Klein was an insured of First Mercury.

39.     On August 29, 2018, TBI secured a judgment against Klein in the amount of $787,714.89, based upon Klein's breach of its contractual duty to defend and indemnify TBI.

40.     Because HCIC made payments to defend TBI as well as in satisfaction of the Judgment in the Underlying Arbitration, HCIC is the real party in interest to the Judgment. . HCIC's standing as the  holder of the Klein judgment was confirmed by the United States Bankruptcy Court, Northern District of California, Case No. 18-30864DM (Chapter 7) on February 12, 2019, when it issued an Order Granting Motion to Compel Abandonment Pursuant to 11 U.S.C. § 554(b) and Assignment of Judgment to Home Construction Insurance Company, a true and correct copy of which is attached hereto as Exhibit A.

41.     HCIC is informed and believes that the First Mercury Policies provide coverage for the Judgement against Klein, and that First Mercury has a duty to satisfy the Judgment pursuant to California Insurance Code § 11580(b)(2).

42.     As a judgment creditor of Klein, HCIC is entitled to recover the Judgement against First Mercury up to and including the policy limits pursuant to California Insurance Code § 11580(b)(2).

## PRAYER FOR RELIEF

WHEREFORE, HCIC prays for judgment as follows:

1.     For a declaration regarding the rights, duties, and obligations of First Mercury consistent with this pleading, including specific findings and declarations that the First Mercury Policies were triggered by the Underlying Arbitration, that First Mercury was obligated to defend the Underlying Arbitration and that First Mercury was obligated to fund, in whole or in part, the judgment arising out of the Underlying Arbitration;

8.

1    2.    Reimbursement by First Mercury of all defense fees and costs incurred by

2    HCIC in defending TBI;

3    3.    Reimbursement by First Mercury of all indemnity paid by HCIC on behalf of

4    TBI and Klein Plastering;

5    4.    Judgment against First Mercury in the amount of the Klein Judgment;

6    5.    For costs of suit incurred herein;

7    6.    For reasonable attorneys' fees incurred in this action; and

8    7.    For such other and further relief as this Court deems just and proper.

9    Respectfully submitted,

10   Dated:                                    WOLKIN CURRAN, LLP

11

12                            By:    _____

13                                   Brandt L. Wolkin, Esq.
                                     Catharine M. Tolson, Esq.
14                                   Counsel for HOME CONSTRUCTION
                                     INSURNCE COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9.

1

## PROOF OF SERVICE

**First Mercury Insurance Company vs. Kinsale Insurance Company, et al.**
**3:18-cv-00071-SI**

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Alameda, State of California.  My business address is 2000 Powell Street, Suite 830, Emeryville, CA 94608.

On May 1, 2019, I served true copies of the following document(s) described as **JOINT STIPULATION ALLOWING HOME CONSTRUCTION INSURANCE COMPANY TO INTERVENE; AND RELATED PLEADINGS; [PROPOSED ORDER]** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 1, 2019, at Emeryville, California.


/s/ Michelle Mejia
Michelle Mejia

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224

**SERVICE LIST**

| David Francis Myers<br>Catherine Michelle Tolson<br>Brandt Louis Wolkin<br>Wolkin Curran, LLP<br>111 Maiden Lane, 6th Floor<br>San Francisco, CA 94108<br>dmyers@wolkincurran.com<br>ctolson@wolkincurran.com<br>bwolkin@wolkincurran.com | Counsel for Intervenor Home Construction Insurance Company . |
|---|---|
| Gary R. Selvin<br>Elizabeth A. Doyle<br>Selvin, Wraith, Halman, LLP<br>505 14th Street, Suite 1200<br>Oakland, CA 94612<br>gselvin@selvinwraith.com<br>edovle@selvinwraith.com | Counsel for Counter-defendant Kinsale Insurance Company |

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL (415) 352-6200 · FAX (415) 352-6224